IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| TENEISHA GIBSON, | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. ___4:18-cv-140-HLM-WEJ___ |
| JEFFERSON SOUTHERN CORPORATION, | |
| **Defendant.** | |

## COMPLAINT

Plaintiff Teneisha Gibson, by and through the undersigned counsel, herein asserts claims against Defendant Jefferson Southern Corporation under the Family Medical Leave Act 29 U.S.C. § 2601 *et seq*. ("FMLA"), showing the Court as follows:

## INTRODUCTION

1.

Plaintiff Gibson seeks to recover damages resulting from the termination of her employment mere hours after requesting family medical leave. Defendant Jefferson Southern terminated Ms. Gibson's employment in an attempt to interfere with her exercise of her rights under the FMLA and in retaliation for seeking to exercise her rights under the FMLA.

**PARTIES, JURISDICTION, AND VENUE**

2.

This Court's jurisdiction over Plaintiff's claims under the Family Medical Leave Act is invoked under 28 U.S.C. § 1331.

3.

Plaintiff Gibson is a natural person and resident of the State of Georgia.

4.

Defendant Jefferson Southern Corporation ("Jefferson Southern") is a domestic for-profit corporation existing under the laws of the State of Georgia. Jefferson Southern may be served with process on its registered agent, J. Steve Astin at 511 Main Street, Cedartown, Georgia 30125.

5.

Jefferson Southern is subject to the personal jurisdiction of this Court.

6.

Venue properly lies in the Rome Division of the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) and the Local Rules of this Court because the events giving rise to the claims herein occurred in Floyd County, Georgia.

FACTUAL ALLEGATIONS

**FMLA Coverage**

7.

Ms. Gibson was employed by Jefferson Southern from approximately July 20, 2016 through April 12, 2018.

8.

At the time of her termination, Ms. Gibson held the position of Welding Associate at Jefferson Southern's factory in Rome, Georgia.

9.

As of April 12, 2018, the date of her termination, Jefferson Southern had employed Ms. Gibson during the twelve consecutive preceding months.

10.

Ms. Gibson performed more than 1250 hours of work for Jefferson Southern during the twelve consecutive months immediately preceding April 12, 2018.

11.

Jefferson Southern employed 50 or more employees during at least 20 workweeks in calendar year 2017.

12.

Jefferson Southern employed 50 or more employees within 75 miles of the worksite at which it employed Ms. Gibson as of April 12, 2018, when Ms. Gibson made a request for leave under the Family Medical Leave Act.

**FMLA Violations**

13.

In the months preceding April 12, 2018, Ms. Gibson's eleven-year-old daughter had suffered recurring bouts of tonsillitis and strep throat, as a result of which her treating physicians determined that she would require tonsillectomy and adenoidectomy procedures.

14.

Ms. Gibson's daughter's treating physicians informed her that her daughter would have a two-week recovery period during which she would need supervision and care.

15.

Shortly after being informed of her daughter's necessary surgeries and lengthy recovery, on the morning of April 12, 2018, Ms. Gibson requested from Jefferson Southern's HR Coordinator Paola Coronel that she be permitted to take two weeks

of leave under the Family Medical Leave Act to care for her daughter during her recovery.

16.

After making the request for FMLA leave, Ms. Gibson completed her shift uneventfully.

17.

At the conclusion of her shift, Ms. Coronel accused Ms. Gibson of "bullying" another employee at lunch and informed Ms. Gibson that she was being terminated immediately.

18.

Specifically, Ms. Coronel claimed that at lunch Ms. Gibson had sent a "Snapchat" message to other employees mocking another employee.

19.

Ms. Gibson denied having sent any such Snapchat message and requested to see the message.

20.

Ms. Coronel refused to produce the purported Snapchat message and had Ms. Gibson escorted off the premises.

21.

During an unemployment appeal hearing with the Georgia Department of Labor, Ms. Gibson was shown a copy of the purported Snapchat message.

22.

The Snapchat message in question was not sent by Plaintiff and had never even been received by Plaintiff.

23.

The Snapchat message in question had been sent by another Jefferson Southern employee.

24.

On information and belief, the employee who actually sent the Snapchat message remains employed by Jefferson Southern to this date and Jefferson Southern has taken no disciplinary action against him, despite its knowledge that he was responsible for the message.

25.

Moreover, the content of the Snapchat message in question was not even obviously "bullying" or disparaging on its face.

26.

On information and belief, Ms. Coronel's termination of Ms. Gibson's employment was not based on a sincere belief that Plaintiff had sent a bullying Snapchat message, but rather was motivated by Ms. Gibson's request for two weeks of FMLA leave.

27.

The Ms. Gibson's daughter's medical conditions constituted a "serious health condition" within the meaning of 29 U.S.C. § 2611 (11).

28.

Ms. Gibson timely provided all information and documentation necessary to provide notice to Jefferson Southern of her need for FMLA leave and to comply with Jefferson Southern's leave request procedures.

29.

At all relevant times, Jefferson Southern was aware that Ms. Gibson's daughter was under the care of a physician for treatment of her serious health conditions.

30.

At the time of her request for FMLA leave, Ms. Gibson was qualified and eligible for a leave of absence for her minor daughter's serious health condition and was an "eligible employee" under the FMLA and entitled to its protections.

31.

In requesting FMLA leave for her minor daughter's serious health conditions, Ms. Gibson engaged in conduct protected under the FMLA, entitling her to all appropriate relief under that statute.

32.

At the time of her request for FMLA leave, Ms. Gibson was entitled to FMLA leave and to be reinstated to the same or a similar position upon the expiration of her FMLA leave.

33.

Jefferson Southern interfered with Plaintiff's substantive rights under the FMLA by terminating her employment and denying her FMLA leave.

34.

Jefferson Southern's termination of Ms. Gibson's employment FMLA constituted retaliation in violation of the FMLA.

35.

As a result of Defendants' unlawful and retaliatory termination of her employment, Ms. Gibson has suffered loss of income and of other employment benefits.

CLAIMS FOR RELIEF

**Count One**
**Violation of 29 U.S.C. § 2615(a)(1) (FMLA Interference)**

36.

At all relevant times, Defendant was a covered employer under the FMLA.

37.

At the time of her FMLA leave request, Plaintiff was an eligible employee under the FMLA.

38.

At the time of her FMLA leave request, Plaintiff was informed by Defendant that she was eligible for leave under the FMLA.

39.

Under the FMLA, Plaintiff was entitled to 12 weeks of leave to care for her minor daughter to receive treatment for a serious health condition.

40.

Plaintiff requested 2 weeks of leave from Defendant and gave notice to Defendant of her need to take 2 weeks of leave to care for her minor daughter with serious health conditions.

41.

Defendant deprived Plaintiff of benefits to which she was legally-entitled under the FMLA by terminating her employment based on pretextual reasons mere hours after making her request for leave.

42.

In terminating Plaintiff's employment, Defendant interfered with Plaintiff's rights afforded by the FMLA.

43.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered loss of employment, loss of income, and loss of employment benefits.

44.

Plaintiff is entitled to recover the income and employment benefits she has lost as a result of Defendant's unlawful conduct, and—to the extent that liquidated damages are not awarded—interest thereon, calculated at the prevailing rate.

45.

Plaintiff is entitled to recover liquidated damages in amount equal to her lost income and employment benefits.

46.

Plaintiff is entitled to recover her costs of litigation, including reasonable

attorney's fees.

**Count Two**
**Violation of 29 U.S.C. § 2615(a)(2) (FMLA Retaliation)**

47.

Plaintiff engaged in activity protected by the FMLA by requesting 2 weeks of

leave to care for her minor daughter with serious health conditions.

48.

Plaintiff suffered an adverse employment action when Defendant terminated her

employment on April 12, 2018.

49.

Defendant terminated Plaintiff's employment in retaliation for her request for

FMLA leave.

50.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff

suffered loss of income and loss of employment benefits.

51.

Plaintiff is entitled to recover from Defendants the wages, salary, and employment benefits she has lost as a result of their unlawful conduct, and interest thereon, calculated at the prevailing rate.

52.

Plaintiff is entitled to recover liquidated damages pursuant to 29 U.S.C. § 2617(a)(1).

53.

Plaintiff is entitled to recover her costs of litigation, including her reasonable attorney's fees, pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff requests that this Court:

(a)    Take jurisdiction of this matter;

(b)    Grant a trial by jury as to all matters properly triable to a jury;

(c)    Issue an Order holding Defendant to be a covered employer under the FMLA;

(d)    Issue an Order holding that Plaintiff was an eligible employee entitled to the protections provided by FMLA;

(e)     Issue an Order holding that Defendant unlawfully interfered with

        Plaintiff's exercise of her rights under the FMLA;

(f)     Issue an Order holding that Defendant unlawfully retaliated against

        Plaintiff because of her exercise of her rights under the FMLA;

(g)     Award Plaintiff all compensation and employment benefits that she

        lost as a result of Defendants' unlawful conduct, plus liquidated

        damages thereon, as required by the FMLA;

(h)     Award Plaintiff prejudgment interest on all amounts owed to the

        extent that liquidated damages are not awarded;

(i)     Award Plaintiff nominal damages;

(j)     Reinstate Plaintiff's employments;

(k)     Award Plaintiff her reasonable attorney's fees and litigation costs; and

(l)     Award any and such other further relief this Court deems just,

        equitable and proper.

Respectfully submitted this 18th day of June 2018.

                                        DELONG, CALDWELL, BRIDGERS,
                                        FITZPATRICK & BENJAMIN, LLC

                                        /s/ Matthew W. Herrington
3100 Centennial Tower                   Mitchell D. Benjamin
101 Marietta Street, NW                 Georgia Bar No. 049888
Atlanta, Georgia 30303                  Matthew W. Herrington
(404) 979-3150 Telephone                Georgia Bar No. 275411

(404) 979-3170 Facsimile
benjamin@dcbflegal.com                    Attorneys for Plaintiff
matthew.herrington@dcbflegal.com